**HOME SAVINGS & LOAN CO v STRAIN et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 30, 1934

Manchester, Ford, Bennett & Powers, Youngstown, for plaintiff in error.

S. M. Strain, Youngstown, for defendants in error.

## OPINION

By FARR, J.

It is not claimed that said trustees were authorized by any court order as under §11214 GC to deposit these trust funds in any banking institution or to invest the same in any particular securities; in fact, it is conceded that no such authorization had been granted. Therefore, it becomes readily apparent that the issue here is the relation now sustained by the Loan Company to these trust funds so deposited, and whether or not the trustees are entitled to the preference claimed.

First, it is claimed by plaintiff in error that the defendant was lawfully entitled to accept the funds tendered by the plaintiffs under a subscription to a running stock account. About this there can be no controversy, because the trustees would evidently be so entitled under a proper authorization. Next, it is insisted that the Loan Company was not put upon inquiry by any information given the defendant by the plaintiffs, nor was it legally bound to supervise the performance of the duties of the plaintiff trustees of their trust, and this proposition may be assented to, because such would not be required of the Loan Company. However, it still leaves the question remaining as to the relation sustained to this deposit.

It is further contended that the facts disclosed would justify the conclusion that the trustees' action was proper, and that the defendant was entitled to accept the funds tendered by the plaintiffs. This proposition can not be assented to, for the reason that if the trustees improperly deposited the funds; that is, without proper authorization, the Loan Company would not be entitled to claim any benefit against the beneficiaries of the trust on that account.

And lastly, it is claimed that in view of the foregoing proposition the Loan Company would be entitled to accept the deposit because no breach of trust was involved. With this proposition this court is not in accord, for the reason that having in mind the provisions of the above statute, it becomes clear that it was the duty of these trustees to have secured an order from the proper court authorizing the investment or deposit of this fund, which concededly was not done.

In this connection attention is called to **Willis, Admr. v Braucher, Gdn., 79 Oh St, 290,** and it is claimed that this is authority for the view that because it is provided in Item 5th of the will of said decedent that:

"I give, devise and bequeath unto my son, Charles E. Berry, and the heir or heirs of his body, the one-fifth part of my estate, the same to be held in trust by my daughter, Gertrude Strain, and to be invested as she may deem right and proper, and the income and proceeds arising therefrom to be distributed by her to said Charles E. Berry, and the heir or heirs of his body, * * *."

However, the foregoing would not excuse compliance with the above section of the statutes. In the case above cited it is disclosed that the executor and trustee had authority to sell at private sale, or otherwise, all or any part of the personal estate whenever in his or their judgment the interest of the estate should demand the same, and also deeds to acknowledge and execute for the same, and to re-invest the proceeds arising from any such sale in such manner as he or they might think best.

It will be observed that under the provisions of the will in the foregoing estate, they were authorized to sell and re-invest the proceeds, which really differentiates the case at bar from the foregoing case.

The case at bar has furnished abundant food for reflection and investigation, and it may be conceded that it is believed to present an issue not easy of solution. However, upon a full consideration, it seems that by the rule of reason, the trustees could not invest any rights or interests in and to the trust funds which they themselves did not have. Concededly they invested these funds without any court order, as required by statute. It was therefore an unauthorized investment, and if unauthorized would not necessarily create a trust in favor of these trustees but in favor of the beneficiary or beneficiaries of the funds, and such being the case, a preference is necessarily created in favor of this resulting trust, and having reached this conclusion, it follows that the judgment of the court below must be affirmed.

Complaint is made that the trial court taxed the costs against these defendants in error. This is believed to be proper, for the reason that they made an unauthorized investment, and without any fault upon the

part of the Loan Company. Therefore, the Company should not be required to pay the costs.

Judgment affirmed.

LYNCH and ROBERTS, JJ, concur in the judgment.